IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSTEEL USA, INC., *et al.* | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 12 – 1912 |
| | § | ADMIRALTY |
| SAGA FOREST CARRIERS | § | |
| INTERNATIONAL AS | § | |

*ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Husteel USA, Inc. ("Husteel"), JP Steel International, Inc. ("JP Steel") and Hyundai Corporation (USA) ("Hyundai"), file this Original Complaint against Defendant SAGA Forest Carriers International AS, *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2. Husteel is a California corporation with its principal place of business in Anaheim, California.

3. JP Steel is a California corporation with its principal place of business in Cerritos, California.

4. Hyundai is a Delaware corporation with its principal place of business in Gardena, California.

5. At all times material, Defendant owned, chartered, managed and/or operated the M/V SAGA HORIZON, M/V SAGA SPRAY, M/V SAGA ENTERPRISE and M/V SAGA ANDORINHA as a common carrier of goods by water for hire between various ports, including the Ports of Ulsan, South Korea, San Francisco, California, Los Angeles, California, Vancouver, Washington and Houston, Texas.  Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiffs' action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a

summons is effective to establish personal jurisdiction over it.  Defendant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defendant at its home office located at P. O. Box 104 Borgheim, 3163 Nøtterøy, Norway.

6. During 2010–2012, Plaintiff's shippers tendered in good order and condition to Defendant at Ulsan, South Korea various cargos of steel pipe and tubing.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at various ports as described below the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargos in good order and condition and loaded them respectively aboard the M/V SAGA HORIZON, M/V SAGA SPRAY, M/V SAGA ENTERPRISE and M/V SAGA ANDORINHA in good order and condition and, accordingly therewith, issued the following bills of lading free of exceptions or other notations for loss or damage:

| Vessel | Bills of Lading Nos. | Discharge Port |
|---|---|---|
| SAGA HORIZON | SFCRUSNSFO 5800 01–02, 06–08, 14, 17–19 and 29 | San Francisco |
| SAGA SPRAY | SFCRUSNLAX 7100 06, 07 | Los Angeles |
| SAGA ENTERPRISE | SFCRUSNLAX 2200 14–15 | Los Angeles |
| SAGA ANDORINHA | SFCRUSNVWA 4800 01–02 | Vancouver |

7. When the vessels arrived at their respective discharge ports, where Defendant later discharged the cargos, the cargos were not in the same good order and condition as when received but, on the contrary, parts of the cargos were dented, bent,

nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, stained, scratched, missing, short and otherwise physically damaged. The damages and losses proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SAGA HORIZON, M/V SAGA SPRAY, M/V SAGA ENTERPRISE and M/V SAGA ANDORINHA.

8. Plaintiff proximately has sustained damages exceeding $23,070.76 plus interest dating from the respective dates of loading, demand for which has been made upon Defendant but which it refuses to pay.

9. At all times material, each of the Plaintiffs owned the respective cargos and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Husteel USA, Inc., JP Steel International, Inc. and Hyundai Corporation (USA), pray that this Honorable Court adjudge that Defendant SAGA Forest Carriers International AS is liable to Plaintiffs for their respective damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _/s/ Robert C. Oliver_
  Robert C. Oliver
  State Bar No. 15255700
  S. D. Texas No. 886
  550 Westcott, Suite 230
  Houston, Texas 77007–5096
  Telephone:   (713) 864–2221
  Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                    ATTORNEYS  FOR  PLAINTIFFS